IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROYCE BALLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-865 |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Royce Ballard sued Carrington Mortgage Services, LLC, Bank of America, N.A., and the Mortgage Electronic Registration Systems, Inc. (collectively, the "Lenders"), challenging the attempted nonjudicial foreclosure sale of his home. He seeks damages and a declaratory judgment that the Lenders lacked the authority to foreclose on and sell his home. The Lenders have moved to dismiss, submitting documents relating to Ballard's loan, default, and foreclosure. Ballard did not respond.

After a careful review of the motion, the properly considered evidence, and the applicable law, the court grants the motion to dismiss, (Docket Entry No. 9), dismissing Ballard's claims, without prejudice and with leave to amend by June 14, 2019. The reasons are explained in detail below.

**I. Background**

The facts are drawn from Ballard's well-pleaded allegations, accepted as true for this motion, and the documents that "are referred to in the pleadings and are central to" his claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

In March 2010, Ballard obtained a $275,793 home-mortgage loan from Southwest Funding, L.P., to purchase a home in Fort Bend County, Texas. (Docket Entry No. 9 at 12). Ballard signed a Promissory Note, agreeing to repay the loan amount, and a Deed of Trust, giving the Lenders a security interest in the home. The Deed was recorded in the Official Public Records of Fort Bend County. (Docket Entry No. 1-2 at 5; Docket Entry No. 9 at 12).

The Deed named the Mortgage Electronic Registration Systems, known as MERS, as the nominee for Southwest Funding and the Deed beneficiary. (Docket Entry No. 9 at 12). The Deed stated that "MERS holds only legal title to the interests granted by [Ballard] in this Security Instrument, but, if necessary," MERS "has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the [p]property; and to take any action required." (*Id.*). Carrington Mortgage Services serviced the loan. (*Id.* at 26).

The Deed required Ballard to make timely payments under the Note. (*Id.* at 13). A failure to pay on time would result in default. (*Id.* at 14–15). If Ballard failed to cure a default, even after receiving notice and opportunity to do so, the Deed authorized the Lenders to "require immediate payment in full of all sums secured by this Security Instrument," called a loan acceleration. (*Id.*). The Lenders had the right to foreclose on and sell Ballard's home if he failed to pay the loan balance, after notice and an opportunity to cure the default and reinstate the loan. (*Id.* at 15–16).

In December 2016, MERS assigned the Deed to the Bank of America. (*Id.* at 23–24). That assignment was recorded in the Fort Bend County Official Public Records. (*Id.*).

Ballard failed to make the Note payments and defaulted. The Lenders required immediate payment of the full loan balance. Ballard did not seek to pay any part of the loan balance. Ballard alleged that he did not receive notice of the default or of the acceleration, but he did not explain why. (Docket Entry No. 1-2 at 7). The Lenders filed a notice with Fort Bend County scheduling

a foreclosure sale for November 6, 2018. (Docket Entry No. 9 at 32). That sale was postponed because Ballard filed bankruptcy. The Lenders then filed a notice setting a foreclosure sale for July 3, 2018. (*Id.* at 29). The sale was again delayed because Ballard filed a second bankruptcy. In January 2019, the Lenders filed a notice with Fort Bend County that set a foreclosure sale for March 5, 2019. (*Id.* at 26). The notice was "posted at the FORT BEND County courthouse." (*Id.*).

Before the foreclosure sale, Ballard sued in the 400th Judicial District Court of Harris County. (Docket Entry No. 1-2). Ballard asserted Texas-law claims against the Lenders related to the foreclosure sale, sought a declaratory judgment and damages, and requested a temporary restraining order. (*Id.* at 7–12). His state-court petition asserted violations of the Texas Property Code and the Texas Civil Practice and Remedies Code, as well as a quiet-title claim. The petition alleged that: MERS lacked authority to assign the Note and Deed; the Lenders failed to give proper notice of acceleration or the foreclosure sale; the assignment to Bank of America was not recorded; the Lenders failed to perfect their security interest; and the Lenders "made, presented, or used the assignments associated with the mortgage loan with knowledge that the documents or other records [were] fraudulent." (*Id.* at 5–11). The state court granted a temporary restraining order barring the Lenders from holding the scheduled March 5 foreclosure sale. (Docket Entry No. 1-3).

The Lenders answered, removed based on diversity jurisdiction, and then moved to dismiss. (Docket Entry Nos. 1, 1-5, 9). The Lenders contend that: MERS, as a mortgagee, has authority to assign the Deed to a third party; Ballard has neither standing nor a legal basis to challenge the assignment; Ballard's allegations do not state a plausible claim that the Lenders' interest on his home is invalid or unenforceable; the Deed, Note, and assignment were perfected under Texas law; and Ballard has failed to state a plausible claim for wrongful foreclosure. (Docket Entry No. 9 at 2–8).

3

Ballard has not responded to the motion to dismiss, though the deadline to do so has expired. The Lenders' motion and arguments are considered in detail below.

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend for futility if an

amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). The district court has discretion to grant or deny leave to amend. *Id.*

## III. Analysis

Ballard challenges the assignment of the Deed of Trust to the Bank of America on the theories that MERS lacked authority to assign the Deed, MERS's corporate "charter limits [its] powers and duties to functioning as an electronic registration system," and MERS did not "hold" the Note. (Docket Entry No. 1-2 at 5–6). Even assuming that Ballard has standing to challenge the assignment, the Fifth Circuit has rejected these theories and determined that MERS is a mortgagee under Texas law with authority to assign a deed of trust, even without holding the note. *See Burton v. Nationstar Mortg., L.L.C.*, 642 F. App'x 422, 425 (5th Cir. 2016); *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 781 (5th Cir. 2015); *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 425 (5th Cir. 2015); *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 557–58 (5th Cir. 2015); *Blair v. Deutsche Bank Nat'l Tr. Co.*, 609 F. App'x 767, 769 (5th Cir. 2015); *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014); *Singha v. BAC Home Loans Serv., L.P.*, 564 F. App'x 65, 68 (5th Cir. 2014); *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 255–56 (5th Cir. 2013). Because Ballard's challenges to the assignment lack merit, his claims based on these challenges cannot succeed. The court examines whether Ballard has pleaded factual allegations that otherwise state a plausible clam under Texas law.

### A. Notice

Ballard alleges that he did not receive notice of the default, acceleration, or of the foreclosure sale, and that the Lenders' failure to give him notice precludes the foreclosure sale. (Docket Entry No. 1-2). Ballard cites § 51.002(d) of the Texas Property Code, which states that:

> [T]he mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given.

Section 51.002 does not, however, "provide an independent private cause of action." *Bridges v. Bank of N.Y. Mellon*, No. H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018).[1] Even if it did, Texas law does not require Ballard to have actually received the notice if it was properly sent. "Service of a notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e); *see Rodriguez v. Ocwen Loan Serv., LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) ("Texas law only imposes a constructive-notice requirement."). Ballard has not alleged that the Lenders did not serve the default, acceleration, or foreclosure notices to the address he had given them. The foreclosure notice was clearly timely filed with the Fort Bend County Clerk. (Docket Entry No. 9 at 29).

"[C]laims brought pursuant to § 51.002 are generally construed as wrongful foreclosure claims." *Pearlman v. Wells Fargo Bank, N.A.*, No. H-17-1380, 2018 WL 2335367, at *2 (S.D. Tex. Mar. 7, 2018); *Bridges*, 2018 WL 836061, at *10. "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price;

---

[1] *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015) ("Although the Texas Supreme Court has not decided" whether § 51.002(d) provides a private cause of action, "the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action"); *Gonzales v. Select Portfolio Serv., Inc.*, No. 18-CV-580, 2018 WL 6573162, at *4 (N.D. Tex. Oct. 24, 2018) ("[T]his Court has held, on more than one occasion, Texas Property Code Section 51.002 does not provide a private cause of action."); *Pearlman v. Wells Fargo Bank, N.A.*, No. H-17-1380, 2018 WL 2335367, at *2 (S.D. Tex. Mar. 7, 2018) ("[Section] 51.002 does not create an independent cause of action."); *Vallier v. Nationstar Mortg., LLC*, No. H-17-998, 2018 WL 1319166, at *3 (S.D. Tex. Feb. 1, 2018) ("[A] majority of Courts to consider the issue have concluded that § 51.002 of the Texas Property Code provides no private cause of action."); *Perkins v. Barrett Daffin Frappier Turner & Engel, LLP*, No. 12-CV-3049, 2014 WL 12642100, at *1 (S.D. Tex. Apr. 1, 2014) ("There is no independent cause of action for Defendant's alleged failure to comply with § 51.002(d)."); *Ashton v. BAC Home Loans Serv., L.P.*, No. 13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages.").

and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). Because Ballard has not alleged that a foreclosure sale has occurred, or that his home was sold for an inadequate price, he does not state a plausible wrongful-foreclosure claim. His wrongful foreclosure claim is dismissed, without prejudice, and with leave to amend by June 14, 2019.

### B.     Quiet Title

Ballard asserts a quiet-title claim, alleging that the Lenders lacked a valid interest in his home. (Docket Entry No. 1-1 at 30–31). "Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren*, 566 F. App'x at 382. "The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief, and must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Henry v. Chase Home Fin., LLC*, No. H-11-668, 2011 WL 6057505, at *4 (S.D. Tex. Dec. 6, 2011) (alteration and quotation omitted). "Texas courts have made clear that a necessary prerequisite to the recovery of title is tender of whatever amount is owed on the note." *Antony v. United Midwest Sav. Bank*, No. H-15-1062, 2016 WL 914975, at *5 (S.D. Tex. Mar. 10, 2016) (alterations and quotation omitted).

The Deed of Trust gives the Lenders, as mortgagees and loan servicers, the right to foreclose and sell Ballard's home. (Docket Entry No. 9 at 12, 16–17); *see* TEX. PROP. CODE

§ 51.0025; *Martins*, 722 F.3d at 255; *Colton v. U.S. Nat'l Bank Ass'n*, No. 12-CV-3584, 2014 WL 2881451, at *2 (N.D. Tex. June 25, 2014). Ballard does not allege to have cured the default by paying the amount owed on the Note, or any amount owed on the Note. Even if the Lenders failed to perfect their interest in the Deed, as Ballard alleges, the Deed still binds the parties. *In re Casbeer*, 793 F.2d 1436, 1441 (5th Cir. 1986) ("Even if the deeds of trust had not been recorded, they would have been binding on the parties to the deeds." (citing TEX. PROP. CODE § 13.001(b)); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 857 (N.D. Tex. 2013). Ballard's "arguments that merely question the validity of an assignment of a deed of trust from MERS . . . are not a sufficient basis for a quiet title action under Texas law." *Warren*, 566 F. App'x at 383. Ballard has not alleged facts creating a plausible inference that the Lenders' claim on his property is invalid. The quiet-title claim is dismissed, without prejudice, and with leave to amend by June 14, 2019.

### C. Texas Civil Practice and Remedies Code § 12.002

Ballard alleges that the Lenders "made, presented or used documents or records with knowledge that the documents or other records were a fraudulent court record or a fraudulent lien or claim against real property or an interest in real property," violating the Texas Civil Practice and Remedies Code § 12.002(a). (Docket Entry No. 1-2 at 11). A § 12.002(a) claim requires that the defendant: "(1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish." *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 327–28 (5th Cir. 2014) (quotation omitted).

While it is somewhat unclear, Ballard seems to allege that MERS's assignment of the Deed of Trust to the Bank of America was fraudulent. (*Id.* at 9). The Texas courts and the Fifth Circuit have not decided whether "a document assigning a deed of trust constitutes a 'lien or claim' under [§] 12.002." *Golden*, 557 F. App'x at 327 & n.2. Even assuming that MERS's assignment was a lien or claim, Ballard has not alleged facts supporting a finding that the assignment was fraudulent or that the Lenders knew it was fraudulent. His claim appears primarily based on his arguments that MERS did not have authority to assign the Deed of Trust to the Bank of America. Those arguments lack merit. *See Ferguson*, 802 F.3d at 781. The assignment bears no indicia of fraud: it was signed by a MERS assistant vice president, notarized, and filed in the Fort Bend County Official Public Records. (Docket Entry No. 9 at 23–24). Ballard's § 12.002 claim is dismissed, without prejudice, and with leave to amend by June 14, 2019.

D.  **Declaratory Judgment**

Ballard seeks a declaratory judgment that the Lenders lack authority to sell his home, the Lenders did not properly record his loan documents, and he has the only valid property interest in his home. (Docket Entry No. 1-2 at 8–11). "A request for declaratory relief cannot stand alone under either Texas law or federal law." *Taylor v. Dietech Fin., LLC*, No. H-16-2465, 2017 WL 2362493, at *5 (S.D. Tex. May 31, 2017) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)). Ballard's request is denied because his substantive claims have been dismissed.

IV. **Conclusion**

The Lenders' motion to dismiss is granted. (Docket Entry No. 9). Ballard's claims are dismissed, without prejudice, and with leave to amend. Ballard must file an amended complaint addressing the identified deficiencies no later than **June 14**, **2019**. The Lenders must file any new

9

motion to dismiss by **July 12**, **2019**. The Initial Pretrial Conference scheduled for May 10, 2019, is cancelled. The parties are to appear for an initial conference on **August 26**, **2019**, at **11:30 a.m.**, in Courtroom 11-B, United States Courthouse, 515 Rusk Street, Houston, Texas.

SIGNED on May 6, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge